# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NORTHEAST REGIONAL COUNCIL OF
CARPENTERS, et al.,

    Petitioners,

v.

BIG E CONSTRUCTION,

    Respondent.

Civil Action No. 17-13397 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon the Petition to Confirm Arbitration Award ("Petition," ECF No. 1) and Motion to Confirm Arbitration Award ("Motion," ECF No. 2) of Petitioners Northeast Regional Council of Carpenters, Northeast Carpenters Funds and the Trustees thereof ("Petitioners"). Big E Construction ("Big E" or "Respondent") did not respond.

The Court finds that the submissions in support of the Petition and Motion contain discrepancies with respect to the business name and address of Respondent. Here, the Petition indicates that Respondent, "Big E Construction," is a signatory to a Collective Bargaining Agreement. (Pet. ¶ 5.) The Petition references the Short Form Agreement and indicates that "*[a]t all times relevant*, Respondent was, and still is, a business entity duly organized and existing under the laws of the State of New Jersey, with a principal place of business located at 404 Lily Ct., Whiting, New Jersey 08759-4323." (*Id.* at ¶¶ 3, 5) (emphasis added). In addition, the Certificate of Service filed in support of the Motion indicates that the Petition and Motion were sent to "Big E Construction" at the Whiting, New Jersey address. (Cert. of Service, ECF No. 2-4.)

The signatory contractor on the Short Form Agreement, however, is "Big E Construction LLC" with an address of 40 Fern Dr., Little Egg Harbor, New Jersey 08087. (ECF No. 1 at 54)

(emphasis added).[1] In addition, the underlying August 31, 2017 Arbitration Award and Order provides that "after due notice of the hearing was issued to the Employer, . . . the Employer . . . failed to appear[.]" (Arb. Award & Order 1, ECF No. 1 at 70.) The Arbitration Award and Order, however, does not include any specific service information, including Respondent's address. Petitioners' Motion papers also did not contain a legal brief pursuant to Local Civil Rule 7.1. Rather, Petitioners filed a statement that no brief is necessary. (ECF No. 2-1.) Here, Petitioners did not account for the discrepancies in the relevant documents and did not provide legal authority to demonstrate that the discrepancies were irrelevant.

Based on the foregoing, the Court finds good cause to deny Petitioners' Motion, without prejudice, pending submission of proof of service of the Petition and Motion upon Respondent and an affidavit and/or legal brief that accounts for the discrepancies in the documents. Accordingly,

**IT IS** on this 30th day of July 2018, **ORDERED** that:

1. Petitioners' Motion to Confirm Arbitration Award (ECF No. 2) is denied without prejudice.

2. By **August 20, 2018**, Petitioners shall file an affidavit and/or legal brief that accounts for the discrepancies in Respondent's business name and address. In addition, Petitioners shall attach proof of service on Respondent.[2]

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] As certain pages do not contain page numbers, the Court references the ECF page number located at the top of the document.

[2] Petitioners should attach a copy of the returned certified receipt card to their Certification. Otherwise, Petitioners' Certification should set forth sufficient facts from which the Court can determine that Respondent was properly served with the Petition and Motion.

2